UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN OF CSP-CORCORAN,<br><br>    Defendant. | 1:11-cv-00667-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CLAIMS SHOULD NOT BE DISMISSED BECAUSE PLAINTIFF WAS NOT GIVEN LEAVE TO FILE THEM AND BECAUSE THE STATUTE OF LIMITATIONS HAS RUN<br><br>(ECF NO. 31)<br><br>THIRTY DAY DEADLINE |

Reno Fuentes Rios ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 37), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3)

This case was commenced on April 27, 2011, with the filing of a petition for a writ of habeas corpus. (ECF No. 1). On June 7, 2011, Magistrate Judge Gary S. Austin (the assigned magistrate judge at the time) dismissed the petition, and declined to issue a certificate of appealability. (ECF No. 7). Plaintiff appealed. (ECF No. 9). The Ninth Circuit Court of appeals granted a certificate of appealibility, but only as to: "(1) whether the California Board of Parole Hearings' implementation of Marsy's Law to defer appellant's subsequent parole suitability hearing for ten years violated the Ex Post Facto Clause; and (2) whether the delay caused by the Board's failure to timely hold appellant's seventh parole suitability hearing thereby subjecting

1

appellant to Marsy's Law violated due process and the Ex Post Facto Clause." (ECF No. 11, p. 1).

The Ninth Circuit Court of Appeals issued its order on August 26, 2016. (ECF No. 18). As to the two issues on appeal, Ninth Circuit determined that the claims did not lie at the core of habeas corpus, but gave Plaintiff leave to amend his petition to assert claims under 42 U.S.C. § 1983, and stated that "[i]f any petitioner chooses to amend, the district court should determine in the first instance the impact of *Gilman* on his claims." (Id. at p. 4).

Notwithstanding the limitation in the Ninth Circuit's order, and the dismissal of other claims in Judge Austin's order, Plaintiff's complaint, filed on February 13, 2017 (ECF No. 31), contains several claims in addition to his Marsy's Law claims. It appears that this filing went beyond the allowance of the Ninth Circuit, and may include claims already dismissed by Judge Austin.

Additionally, Plaintiff's non-Marsy's Law claims may be barred by the statute of limitations. The applicable statute of limitations period is two years. Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1. However, the statute of limitations can be tolled for various reasons. The Court generally borrows all applicable provisions for tolling the statute of limitations that are found in state law. Hardin v. Straub, 490 U.S. 536, 539 (1989).

Additionally, whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). "Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

Here, it appears that Plaintiff's non-Marsy's Law claims are time-barred. The incidents

alleged in the complaint occurred in 2009 (or earlier). The non-Marsy's Law claims were dismissed from this case in 2011, and were not accepted on appeal. It is now 2017, approximately eight years after the latest incident.

The Court is now screening Plaintiff's complaint to determine which claims can properly go forward. For the reasons described above, the Court is inclined to limit the claims to those permitted to be filed by the Ninth Circuit, namely: "(1) whether the California Board of Parole Hearings' implementation of Marsy's Law to defer appellant's subsequent parole suitability hearing for ten years violated the Ex Post Facto Clause; and (2) whether the delay caused by the Board's failure to timely hold appellant's seventh parole suitability hearing thereby subjecting appellant to Marsy's Law violated due process and the Ex Post Facto Clause." The Court is issuing this order so that Plaintiff can be heard before the Court dismisses the remaining claims.

Accordingly, based on the foregoing, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why all of his non-Marsy's Law claims should not be dismissed, both because the Ninth Circuit Court of Appeals appears to have only given Plaintiff leave to assert claims based on Marsy's law, and because the non-Marsy's Law claims appear to be barred by the applicable statute of limitations.

IT IS SO ORDERED.

Dated: **May 1, 2017**         /s/ Erica P. Grosjean
                               UNITED STATES MAGISTRATE JUDGE

3