UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN OF CSP-CORCORAN,<br><br>    Defendant. | 1:11-cv-00667-EPG (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(ECF NO. 38) |

Reno Fuentes Rios ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 37), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3)

This case was commenced on April 27, 2011, with the filing of a petition for a writ of habeas corpus. (ECF No. 1). On June 7, 2011, Magistrate Judge Gary S. Austin (the assigned magistrate judge at the time) dismissed the petition, and declined to issue a certificate of appealability. (ECF No. 7). Plaintiff appealed. (ECF No. 9). The Ninth Circuit Court of appeals granted a certificate of appealibility, but only as to: "(1) whether the California Board of Parole Hearings' implementation of Marsy's Law to defer appellant's subsequent parole suitability hearing for ten years violated the Ex Post Facto Clause; and (2) whether the delay caused by the Board's failure to timely hold appellant's seventh parole suitability hearing thereby subjecting appellant to Marsy's Law violated due process and the Ex Post Facto Clause." (ECF No. 11, p. 1).

1

The Ninth Circuit Court of Appeals issued its order on August 26, 2016. (ECF No. 18). The Ninth Circuit determined that the claims did not lie at the core of habeas corpus, gave Plaintiff leave to amend his petition to assert claims under 42 U.S.C. § 1983, and stated that "[i]f any petitioner chooses to amend, the district court should determine in the first instance the impact of *Gilman* on his claims." (Id. at p. 4).

On February 13, 2017, Plaintiff amended his petition to assert claims under section 1983. (ECF No. 31). On May 2, 2017, the Court issued an order to show cause, directing Plaintiff to show cause why all of his non-Marsy's Law claims should not be dismissed, both because the Ninth Circuit Court of Appeals appears to have only given Plaintiff leave to assert claims based on Marsy's law, and because the non-Marsy's Law claims appear to be barred by the applicable statute of limitations. (ECF No. 38). On May 11, 2017, Plaintiff filed his response to the order to show cause. (ECF No. 39).

Plaintiff assets that in his opening brief to the Ninth Circuit Court of Appeals, he included several uncertified issues. (ECF No. 39, p. 3). Plaintiff further asserts that these issues "were pending the resolution of the U.S. Court of Appeals from the two grounds that were certified," and that the statute of limitations was tolled when Plaintiff filed his notice of appeal. (ECF No. 39, p. 6). Given Plaintiff's assertions, the ambiguity in the Ninth Circuit Court of Appeals' order, and the fact that failure to file a case within the statute of limitations is an affirmative defense, the Court will discharge its order to show cause. However, any defendant may raise one or both of these issues as a defense to the extent these claims proceed past the screening phase.

Accordingly, based on the foregoing, it is HEREBY ORDERED that the order to show cause is DISCHARGED. The Court will screen Plaintiff's complaint in due course.

IT IS SO ORDERED.

Dated: **May 15, 2017**            /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

2