# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO FUENTES RIOS, | Case No. 1:11-cv-00667-EPG-PC |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO AMEND EX POST FACTO CLAIM AND TO CONDUCT AN EVIDENTIARY HEARING |
| v. | |
| WARDEN OF CSP-CORCORAN, | ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL |
| Defendant. | |
| | ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT |
| | (ECF No. 43) |

Reno Fuentes Rios ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the United States Magistrate Judge in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 37). Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.

## I. BACKGROUND

This case was commenced on April 27, 2011, with the filing of a petition for a writ of habeas corpus, challenging denial of parole as well as Plaintiff's underlying conviction. (ECF

1

No. 1). On June 7, 2011, the Court dismissed the petition. (ECF No. 7). Plaintiff filed an appeal, and on August 26, 2016, the Ninth Circuit vacated the judgment and remanded this matter. (ECF No. 18). The Ninth Circuit instructed that Plaintiff should be afforded leave to amend the petition to assert claims under 42 U.S.C. § 1983 and that if Plaintiff chose to assert § 1983 claims, "the district court should determine in the first instance the impact of Gilman on his claims." (ECF No. 18 at 4).

Following remand, Plaintiff filed a complaint and this case was converted to a civil rights action under 42 U.S.C. § 1983. (ECF Nos. 31, 33). On August 9, 2017, the Court issued a screening order, which: (1) dismissed without leave to amend Plaintiff's *ex post facto* and Eighth Amendment claims, and (2) dismissed with leave to amend Plaintiff's retaliation and due process claims. (ECF No. 42). On September 11, 2017, Plaintiff filed the instant motion, requesting: (1) leave to amend the *ex post facto* claim; (2) an extension of time to file an amended complaint; and (3) appointment of counsel. (ECF No. 43).

## II. DISCUSSION

### A. Leave to Amend the *Ex Post Facto* Claim

1. Proposition 9 ("Marsy's Law")

In 2008, California voters passed Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law." Gilman v. Schwarzenegger ("Gilman I"), 638 F.3d 1101, 1103 (9th Cir. 2011); Gilman v. Brown ("Gilman II"), 814 F.3d 1007, 1010–11 (9th Cir. 2016). The Ninth Circuit has described California's parole scheme and the modifications resulting from Marsy's Law as follows:

> Before the passage of Proposition 9, prisoners sentenced to life with the possibility of parole received an annual parole-suitability hearing by default. After denying such a prisoner parole, if the Board determined that it was not reasonable to expect that the prisoner would be granted parole within a year, the Board could schedule the prisoner's next parole hearing up to five years later for murderers and up to two years later for non-murderers. Following the passage of Proposition 9, after denying such a prisoner parole, the Board may schedule his next parole hearing fifteen, ten, seven, five, or three years later (the "deferral periods").
>
> Notwithstanding these deferral periods, Proposition 9 allows an inmate to request that the Board advance the date of his next parole

> hearing. To do so, an inmate submits a petition to advance ("PTA") setting forth "the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration of the inmate." Cal. Penal Code § 3041.5(d)(1). The Board has sole discretion to grant or deny a PTA; it may also advance an inmate's next parole hearing sua sponte. *Id.* § 3041.5(b)(4), (d)(2). If the Board denies the inmate's PTA, the inmate may not submit another PTA for three years. *Id.* § 3041.5(d)(3).

Gilman II, 814 F.3d at 1011.

### 2. *Gilman* Class Action

In 2005, Richard Gilman and other California inmates convicted of murders committed before November 2, 1988, filed suit against California challenging a different proposition that had been passed by voters in 1988. In 2009, the complaint was amended to allege that Marsy's Law violated the *Ex Post Facto* Clause, and Gilman moved for a preliminary injunction to bar enforcement of Marsy's Law. The district court granted the motion. On interlocutory appeal, the Ninth Circuit reversed and rejected the facial challenge to Marsy's Law. Gilman I, 638 F.3d at 1111.

Following a bench trial, the district court concluded that "the PTA process is not sufficient to protect inmates from the *ex post facto* problems inherent in Proposition 9." Gilman v. Brown, 110 F. Supp. 3d 989, 1012 (E.D. Cal. 2014). The district court ordered the Board to apply California Penal Code section 3041.5, as it existed prior to Proposition 9, to all class members. Gilman, 110 F. Supp. 3d at 1016. On appeal, the Ninth Circuit reversed, finding:

> The district court committed legal error by basing its findings principally on speculation and inference, rather than concrete evidence demonstrating that the PTA process failed to afford relief from the classwide risk of lengthened incarceration posed by Proposition 9. It erred by substituting its own judgment for the Board's regarding which PTAs ought to be granted. And the district court's findings of "structural problems" in the PTA process lack sufficient support in the record. The remaining findings, viewed under the correct legal standard, are insufficient to support a conclusion that, on this record, an as-applied Ex Post Facto Clause violation has occurred. We therefore reverse the district court's findings and injunction as to Proposition 9.

Gilman II, 814 F.3d at 1021.

3. <u>Analysis</u>

In support of his motion for leave to amend the *ex post facto* claim, Plaintiff argues that the <u>Gilman</u> class action did not properly represent the interests of non-murder offenders such as himself because eighty-one percent of the <u>Gilman</u> class was convicted of murder whereas Plaintiff was convicted of kidnapping. (ECF No. 43 at 4–7).

As set forth in the screening order, the <u>Gilman</u> class with respect to the Proposition 9 *ex post facto* claim consisted of "all California state prisoners who have been sentenced to a life term with the possibility of parole for an offense that occurred before November 4, 2008." <u>Gilman v. Brown</u>, 110 F. Supp. 3d 989, 990 (E.D. Cal. 2014). This Court dismissed Plaintiff's *ex post facto* claim without leave to amend, finding that "Plaintiff is precluded from relitigating the same *ex post facto* claim and issues that were litigated and decided in <u>Gilman II</u>" because "Plaintiff falls within the <u>Gilman</u> class, and he does not allege that he opted out of the <u>Gilman</u> class." (ECF No. 42 at 11) (footnote omitted).

Although Plaintiff asserts that the <u>Gilman</u> class action did not properly represent his interests as a prisoner convicted of a non-murder offense, he provides no support for this assertion. The <u>Gilman</u> class action "marshaled evidence of grants and denials of PTAs"[1] in an attempt to establish that the PTA process did not sufficiently reduce the risk of increased punishment. <u>Gilman II</u>, 814 F.3d at 1017. The PTA evidence marshaled by the <u>Gilman</u> class action was not limited to prisoners convicted of murder offenses, and the Ninth Circuit found that the record was insufficient to establish an as-applied *Ex Post Facto* Clause violation. <u>Gilman II</u>, 814 F.3d at 1021. Plaintiff did not opt out of the <u>Gilman</u> class, and his *ex post facto* claim is duplicative of the <u>Gilman</u> class's claim.[2] Therefore, Plaintiff is precluded from relitigating the same *ex post facto* claim and issues that were litigated and decided in <u>Gilman</u>. See <u>Cooper v. Federal Reserve Bank of Richmond</u>, 467 U.S. 867, 874 (1984) ("[U]nder

---

[1] "This evidence included cases in which (1) the PTA was granted and, at the consequent advance hearing, parole was granted; (2) the PTA was granted, but parole was ultimately denied; and (3) the PTA was denied, resulting in no advance hearing." <u>Gilman II</u>, 814 F.3d at 1017.

[2] Plaintiff makes no new allegations regarding the deficiencies of the PTA process that were not addressed by the <u>Gilman</u> class action. Plaintiff merely makes conclusory statements that the PTA process does not sufficiently reduce the risk of increased punishment. "[A] decrease in the frequency of parole hearings—without more—is not sufficient to prove a significant risk of lengthened incarceration." <u>Gilman II</u>, 814 F.3d at 1016.

4

elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation.").

Accordingly, the Court denies Plaintiff's motion for leave to amend his *ex post facto* claim and his request to conduct an evidentiary hearing on the *ex post facto* claim.

**B. Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The Court will not order appointment of counsel at this time. Having reviewed the record in this case, the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims, and it appears that Plaintiff can adequately articulate his claims and respond to Court orders. Plaintiff is advised that he is not precluded from renewing his motion for appointment of counsel at a later stage of the proceedings.

**III. ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend the *ex post facto* claim and to conduct an evidentiary hearing is DENIED;

2. Plaintiff's request for appointment of counsel is DENIED;

///

3. Plaintiff's motion for an extension of time is GRANTED. Within **THIRTY (30) days** from the date of service of this order, Plaintiff may file a First Amended Complaint attempting to cure the deficiencies identified in the screening order (ECF No. 42) if he believes additional true factual allegations would state a claim for retaliation and violation of due process;

4. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-00667-EPG; and

5. If Plaintiff fails to file an amended complaint within thirty (30) days, the Court will dismiss the case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **September 21, 2017** /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE